IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**DARRELL J. CLARK,**

        **Petitioner,**

v.                                                                                                Civil Action No. 2:20-cv-348

**J. ANDREWS,**

        **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner Darrell J. Clark ("Petitioner"), a federal inmate currently incarcerated at Federal Correctional Institution Petersburg Medium, petitions the court for a writ of habeas corpus under 28 U.S.C. § 2241.[1] The Petition arises out of a disciplinary proceeding that resulted in, among other things, a loss of forty-one (41) days of good conduct time ("GCT"). Petitioner alleges that the Federal Bureau of Prisons ("BOP") violated his right to due process by finding him guilty of the act charged based on insufficient and problematic evidence. He seeks expungement of the incident report at issue and restoration of the GCT. Respondent J. Andrews ("Respondent") filed a Motion for Summary Judgment, ECF No. 7, as well as the required notice to pro se plaintiffs under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), ECF No. 9. Petitioner did not file a reply, and the time to do so has now expired. The matter is therefore ripe for review.

---

[1] Section 2241 habeas petitions are appropriate when an inmate seeks to challenge 'the very fact or duration of his physical imprisonment.'" Rodriguez v. Ratledge, 715 F. App'x 261, 265 (4th Cir. 2017) (per curiam) (quoting Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)). Because deprivation of good conduct time has the functional effect of extending the length of incarceration, it is cognizable under § 2241. Id. at 266.

1

## I.     STATEMENT OF THE CASE

### A.     Overview of the BOP Inmate Disciplinary Process

The BOP has administrative and rulemaking authority over federal prisons pursuant to Congressional delegation. See 18 U.S.C. § 4001 et. seq. Among the BOP's statutory duties is to "provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States." 18 U.S.C. § 4042(a)(3). The BOP's Inmate Discipline Program and its associated administrative appeal process are set out in the Code of Federal Regulations. See 28 C.F.R. §§ 541.1 et. seq., 542.10 et. seq.

When BOP staff have a reasonable belief that an inmate has violated the BOP disciplinary code, they prepare an incident report and provide a copy to the inmate, usually within twenty-four hours of the incident. The incident report contains a written description of the charges against the inmate. 28 C.F.R. § 541.5(a). A staff member then investigates the incident and forwards all relevant information to the Unit Disciplinary Committee ("UDC") for an initial hearing. 28 C.F.R. §§ 541.5(b), 541.7.

The UDC reviews any evidence presented at the hearing either by prison staff or the inmate. The UDC can (1) find that the inmate committed the prohibited act as charged or a similar act if reflected in the incident report; (2) find that the inmate did not commit the prohibited act as charged; or (3) refer the incident report to the Discipline Hearing Officer based on the severity of the charged acts. 28 C.F.R. § 541.7.

If the UDC refers the incident report to the DHO, the inmate is advised of his or her rights and provided an opportunity to designate a staff representative for assistance at the hearing. Inmates may also provide the names of witness they wish to have called and what testimony they expect the witnesses to provide. At the hearing, inmates are entitled to make statements and

2

present documentary evidence on their own behalf. The DHO considers all the evidence presented and determines whether the inmate committed the charged prohibited act. 28 C.F.R. § 541.8.

The DHO then prepares a report of the proceedings. By regulation, the report need not be verbatim but must include: (1) whether the inmate was advised of his or her rights during the DHO process; (2) the evidence the DHO relied on; (3) the DHO's determination; (4) the sanction imposed; and (5) the reasons for the sanction imposed. 28 C.F.R. § 541.8(h). Inmates are also advised of their right to appeal through the Administrative Remedy Program. 28 C.F.R. § 541.8(i).

The Code of Federal Regulations does not specify a time limit for delivery of the DHO report to the inmate. It only says that inmates will receive a copy "following the hearing." 28 C.F.R. § 541.8(h). The associated implementing instructions in the Program Statement for the Inmate Discipline Program say that the DHO provides the inmate with a copy "ordinarily within 15 work days of the decision." Federal Bureau of Prisons, Inmate Discipline Program: Program Statement, Policy No. 5270.09 ("BOP Program Statement 5270.09"), at 34.

Administrative appeals from DHO decisions bypass the institutional level and are submitted to the Regional Director. 28 C.F.R. § 542.14(d)(2). Such appeals must be "accompanied by one complete copy or duplicate original of the institution Request and response." 28 C.F.R. § 542.15(b)(1). A petitioner has twenty days following receipt of the DHO report to submit a regional appeal. Taylor v. Ormond, No. 2:18-cv-248, 2019 WL 4198628, at *4 (E.D. Va. June 6, 2019) (citing 28 C.F.R. § 542.15(a)), R. & R. adopted, 2019 WL 4195341 (E.D. Va. Sept. 4, 2019). An inmate may then appeal the Regional Director's decision to the General Counsel (Central Office) within "30 calendar days of the date the Regional Director signed the response." 28 C.F.R. § 542.15(a). The General Counsel is the highest level of administrative appeal. Id.

B.     **Factual and Procedural Background**

On July 19, 2019, Petitioner was issued an incident report charging him with violation of BOP disciplinary code 111, introduction of drugs/alcohol. Resp't's Mem. Supp. Mot. Summ. J. (ECF No. 8, at 2) ("Resp't's Mem."); Incident Rep. (ECF No. 8-2, at 2). The incident report alleged that while monitoring recorded inmate phone calls on July 19, 2019 the reporting employee observed two calls to the same number on July 17 and 18, 2019, respectively, during which Petitioner discussed obtaining "tires" with another man. Incident Rep. (ECF No. 8-2, at 2). The employee then reviewed Petitioner's emails and discovered emails from July 17 through 19, 2019 in which the Petitioner discussed "send[ing] the tires to lo." Id.; see also Email Message Body Rep. (ECF No. 8-2, at 23-25). Another email from Petitioner also referenced "liquid bizzaro," which he described as a "black bottle with a purple S." Incident Rep. (ECF No. 8-2, at 2); Email Message Body Rep. (ECF No. 8-2, at 23). According to the report, "[a] review of website theofficialk2incense.com revealed Bizzaro liquid, with a purple S on the label as described by Clark, is sold on the site." Incident Rep. (ECF No. 8-2, at 2). The website also sells other brands of K2, id., which, according to the National Institute of Drug Abuse, is "a human-made synthetic cannabinoid that can be sprayed on surfaces then smoked or sold as liquids." Allen Decl. ¶ 11 (ECF No. 8-1, at 4). The incident report was delivered to Petitioner the same day. Resp't's Mem. (ECF No. 8, at 3). During the investigation of the report, Petitioner was advised of his right to remain silent during the disciplinary process. Id.

On July 24, 2019, Petitioner appeared before the UDC for an initial hearing and stated that he was innocent. Id. 3-4. Following the hearing, the matter was referred to the DHO. Id. at 4. Petitioner received a Notice of Discipline Hearing before the DHO and an Inmate Rights at Discipline Hearing, advising him of his rights at the hearing. Id. at 4; Inmate Rights Discipline

4

Hr'g (ECF No. 8-2, at 27). Petitioner appeared before the DHO on August 8, 2019. Pet. (ECF No. 1, at 2); Resp't's Mem. (ECF No. 8, at 3). He waived his right to present witnesses or have a staff member appear on his behalf, but stated "Their [sic] trying to say that I tried to send it into the facility to inmate Lo. I was talking about Lo, my uncle on the street." Resp't's Mem. (ECF No. 8, at 4); DHO Rep. (ECF No. 8-2, at 15). The DHO considered the incident report, the report by the reporting staff member, and the Petitioner's emails. Resp't's Mem. (ECF No. 8, at 4-5); see also DHO Rep. (ECF No. 8-2, at 16-17). After which, the DHO found that Petitioner had committed the charged offense and sanctioned him with a loss of forty-one (41) days of GCT and other administrative sanctions. Resp't's Mem. (ECF No. 8, at 5); DHO Rep. (ECF No. 8-2, at 18). The DHO report was completed, signed, and delivered to Petitioner on August 9, 2019. Resp't's Mem. (ECF No. 8, at 6); DHO Rep. (ECF No. 8-2, at 18).

Petitioner subsequently filed an administrative remedy appeal with the Mid-Atlantic Regional Office on August 29, 2019, arguing that the DHO's decision was based on insufficient evidence, that due to the complexity of the case Petitioner should have been appointed a staff representative, and that DHO was not impartial. Pet. (ECF No. 1, at 2); Reg'l Admin. Remedy App. (ECF No. 1, at 14). As a result, Petitioner sought to have the incident report expunged and his GCT restored. Reg'l Admin. Remedy App. (ECF No. 1, at 15). The regional office rejected Petitioner's appeal on October 16, 2019, noting that the DHO found Petitioner committed the offense "based on the greater weight of the evidence, which included the reporting staff member's depiction of the incident in Section 11 of the incident report." Reg'l Office Rejection Notice (ECF No. 1, at 20). The rejection notice also explained that Petitioner was advised of his rights and that DHO did not recognize an obvious need to appoint a staff representative, because Petitioner "appeared to fully understand the charges and discipline process." Id. Lastly, the report found

that DHO was impartial, as the DHO was not "the reporting office, investigating officer, or a witness to the incident or play[ed] any significant part in having the charge referred to the DHO." Id.

Petitioner then filed an appeal with the BOP Central Office on November 6, 2019 in which he reasserted similar claims. Pet. (ECF No. 1, at 3); Cent. Office Admin. Remedy App. (ECF No. 1, at 23). First, Petitioner contested that that there was no "proof that anything illegal was coming into any correctional facility" or of an inmate named "Lo." Cent. Office Admin. Remedy App. (ECF No. 1, at 23). Second, he noted that the DHO report listed the date of the incident as July 18, 2019, but Section V of the DHO report described a call placed on July 17, 2019. Id. Lastly, Petitioner asserted that the message "[l]ook, Bro I need you to follow all instructions, order that today and let bro get it" was made to a different phone number and "had nothing to do with the incident [but] was written in the incident [report] to make it see[m] as [if Petitioner] was talking to the [same number]." Id. at 23-24. On January 29, 2020, the Central Office rejected the appeal, stating that it found no evidence to suggest the Regional Director's review was biased, that the "the determination of the DHO [wa]s reasonable and supported by the evidence," and that Petitioner waived his right to a staff representative and the DHO did not recognize a need to appoint one. Cent. Office Admin. Rejection Notice (ECF No. 1, at 22).

Petitioner then filed this § 2241 Petition on June 30, 2020, essentially advancing the arguments raised in his two administrative appeals, namely that (1) there was no evidence of drugs coming into a facility or of a person named Lo, (2) the message about using a card to order something was to a different number that belonged to his brother and was in regard to ordering chicken for a food truck the two owned together, and (3) the reported dates of the incident in the DHO report are inconsistent. Pet. (ECF No. 1, at 6-7). Respondent filed a Motion for Summary

Judgment[2] on October 5, 2020. (ECF No. 7). In his supporting memorandum, Respondent argues Petitioner was afforded the due process rights to which he was entitled and the DHO's finding satisfied the "some evidence" standard of Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445 (1985). Resp't's Mem. (ECF No. 8, at 10-14).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 requires the Court to grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). "A material fact is one 'that might affect the outcome of the suit under the governing law.' A disputed fact presents a genuine issue 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" Spriggs v. Diamond Auto Glass, 242 F.3d 179, 183 (4th Cir. 2001) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). If there is no genuine issue as to any material fact, "[t]he moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp., 477 U.S. at 323.

The party seeking summary judgment has the initial burden of informing the Court of the basis of its motion and identifying materials in the record it believes demonstrates the absence of a genuine dispute of material fact. Fed. R. Civ. P. 56(c); Celotex Corp., 477 U.S. at 322-25. When the moving party has met its burden to show that the evidence is insufficient to support the nonmoving party's case, the burden shifts to the nonmoving party to present specific facts

---

[2] Respondent filed a Motion for Summary Judgment rather than a Motion to Dismiss, as Respondent's motion includes supporting materials outside the pleadings, specifically the declaration of LaTish Allen, a BOP Legal Assistant at the Federal Correctional Complex in Petersburg and included attachments. See Allen Decl. ¶ 1 (ECF No. 8-1); Attachs. A-D (ECF No. 8-2).

7

demonstrating that there is a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The "mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient." Anderson, 477 U.S. at 252. Rather, when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (internal quotation marks omitted).

### III. ANALYSIS

It is well established that a prisoner's good conduct time is a protected liberty interest under the Fifth Amendment. See Wolff v. McDonnell, 418 U.S. 539, 557 (1974). Prisoners are therefore entitled to "those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the . . . right is not arbitrarily abrogated." Id. Specifically, due process requires that a prisoner subject to a loss of good time credit through disciplinary sanctions be afforded: (1) written notice of the disciplinary charges at least twenty-four hours in advance of the disciplinary hearing; (2) a neutral and detached hearing body; (3) the opportunity to call witnesses and present documentary evidence; (4) an opportunity for non-attorney representation if the inmate is illiterate or the disciplinary hearing is complex; and (5) a written statement provided by the fact finder(s) outlining the evidence relied upon and the reasons for the chosen course of disciplinary action. Id. at 563-67; see also Crawley v. Wilson, No. 2:11-cv-542, 2012 WL 2505118, at *4 (E.D. Va. May 16, 2012). In addition, the BOP's findings must be "supported by some evidence in the record." Superintendent, Massachusetts Corr. Inst. v. Hill, 472 U.S. 445, 454 (1985).

> In Superintendent, Massachusetts Correctional Institution v. Hill, the Supreme Court held:
>
> [T]he requirements of due process are satisfied if some evidence supports the decision of the prison disciplinary board to revoke good time credits. This standard is met if 'there

> was some evidence from which the conclusion of the administrative tribunal could be deduced . . . .' United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S. at 106. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that would support the conclusion reached by the disciplinary [authority].

Id. at 455-56 (citations omitted). Thus, the "some evidence" standard is a deferential standard that "does not require courts to set aside decisions of prison administrators that have some basis in fact." Id. at 456; see also Forbes v. Caraway, No. DKC-12-2215, 2013 WL 1742141, at *4 (D. Md. Apr. 22, 2013) ("The findings will only be disturbed when unsupported by any evidence, or when wholly arbitrary and capricious." (citations omitted)); Kelly v. Cooper, 502 F. Supp. 1371, 1376 (E.D. Va. 1980) ("[T]he Court does not sit to review the factual findings of prison disciplinary committees." (citations omitted)).

### A. Petitioner Was Afforded the Due Process Rights to Which He Was Entitled Under Wolff v. McDonnell.

Due Process under Wolff v. McDonnell was satisfied in Petitioner's case. First, Petitioner received written notice of the disciplinary charges more than twenty-four hours in advance of the disciplinary hearing. Petitioner received a detailed incident report charging him with a violation of BOP disciplinary code 111, introduction of drugs/alcohol on July 19, 2019 and his initial appearance before the UDC to address these charges occurred five days later. Resp't's Mem. (ECF No. 8, at 2-4). Prior to the DHO hearing, Petitioner also received a Notice of Discipline Hearing and was advised of his rights to call witnesses and present evidence. Id. at 4. However, Petitioner declined the opportunity to present witnesses on his behalf, as well as the assistance of a staff member. Id.; DHO Rep. (ECF No. 8-2, at 15). While an inmate may be entitled to representation if illiterate or the disciplinary hearing is complex, see Wolff v. McDonnell, 418 U.S. 539, 570 (1974), Petitioner understood the charge against him and the DHO did not determine that the case

was complex enough to require the assistance of a staff member to assist Petitioner. Reg'l Office Rejection Notice (ECF No. 1, at 20). Lastly, in compliance with Wolff, the DHO provided a written report that outlined the evidence it relied on and its reasons for the choice of disciplinary action, which was provided to Petitioner. DHO Rep. (ECF No. 8-2, at 16-18). Thus, Petitioner was afforded due process during the challenged disciplinary proceedings.

B.     The DHO's Finding Satisfies the "Some Evidence" Standard in In Superintendent, Massachusetts Correctional Institution v. Hill.

The "some evidence" standard is a deferential standard and a court will not "set aside decisions of prison administrators that have some basis in fact." Superintendent, Massachusetts Corr. Inst. v. Hill, 472 U.S. 445, 456 (1985). While I do not find the evidence as clear as Respondent does, there is "some evidence" to support the DHO's finding that Petitioner committed the charged violation. In reaching its finding, the DHO relied on the initial incident report describing Petitioner's phone calls and emails discussing "tires," which the reporting officer explained was code for of K2. DHO Rep. (ECF No. 8-2, at 16-17). On July 17, 2019, Petitioner discussed putting the "tires on . . . two little sheets" during a phone call and, that same day, also referenced a brand of K2, Bizarro, in an email. Id. at 17. Additionally, on July 19, 2019 Petitioner sent an email telling the other party he was corresponding with to "follow all instructions" and that he would be good. Id. Based on such evidence, the DHO found "[Petitioner] w[as] talking in code over the telephone, giving the person instructions on concealing the K2 and continu[ing] to reassure the person [Petitioner was] corresponding with that everything is going to be okay, which indicates [Petitioner was] doing something [he] should not be doing." Id. While Petitioner raises multiple assignments of error with respect to the evidence used to find that he committed the charged violation of attempting to introduce drugs, these objections do not change the fact that the DHO's decision was based on "some evidence."

First, Petitioner again asserts that there is not an inmate named Lo within a correctional facility and no drugs/alcohol made it within a facility. Pet. (ECF No. 1, at 6-7). While the fact that there is not an inmate named Lo within a facility could be used to assert that there was no attempt to deliver drugs to such a person within a facility—and indeed Petitioner did present this argument at the DHO hearing, who found it "without merit," DHO Rep. (ECF No. 8-2, at 17)—it does not establish that the DHO finding did not have "some basis in fact." Superintendent, Massachusetts Corr. Inst. v. Hill, 472 U.S. 445, 456 (1985). As noted by the DHO, the other statements by Petitioner in his calls and emails, while coded, can be interpreted to involve planning to bring drugs into the facility. Additionally, whether drugs made it within the facility is not material for finding a violation of BOP disciplinary code 111. Under Program Statement 5270_009, Inmate Disciple Program, codified in 28 C.F.R. § 541.3, "[a]iding, attempting, abetting, or making plans to commit any of the prohibited acts is treated the same as committing the act itself." 28 C.F.R. § 541.3(a) (emphasis added).

Petitioner also alleges that the evidence against him is insufficient, because one of the statements relied on in the incident report was to his brother at a different phone number. Pet. (ECF No. 1, at 7). However, the statement referenced in the incident report regarding telling an individual to use a card was not a recorded statement from a phone call, but rather an outgoing email sent to the same email address as the other emails relied upon in the incident report. See DHO Rep. (ECF No. 8-2, at 17); Email Message Body Rep. (ECF No. 8-2, at 25). Additionally, even if this message had been to Petitioner's brother, the DHO still had some evidence to base its conclusion on without this single message.

Lastly, Petitioner asserts that "there are two different dates on which the staff implicated that the incident took place." Pet. (ECF No. 1, at 7). The DHO report does list July 18, 2019 as

11

the date of the incident, but Section V of the report then explains that the charge against Petitioner was based on events spanning from July 17 through July 19, 2019. DHO Rep. (ECF No. 8-2, at 15-17). The fact that the offense is listed as occurring on July 18, 2019, does not change that these communications occurred. In conclusion, DHO had some evidence to support its finding the Petitioner violated BOP disciplinary code 111, introduction of drugs/alcohol.

## IV.     CONCLUSION AND RECOMMENDATION

Because Petitioner fails to allege a violation of due process, I recommend that the court GRANT Respondent's Motion for Summary Judgment, ECF No. 7, AND DISMISS WITH PREJUDICE the Petition, ECF No. 1.

## V.     REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.     Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2.     A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
January 28, 2021

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to:

**Darrell J. Clark**
No. 58092-083
FCI Petersburg-Medium
P.O. Box 1000
Petersburg, Virginia 23804

and an electronic copy was provided to:

**Virginia Lynn Van Valkenburg**
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510

Fernando Galindo, Clerk

By ____J.L. Meyers____
Deputy Clerk

____January 28____, 2021